UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON G. ADAMS, | Case No.: 2:22-cv-00283-RFB-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 10, 14 |
| CAM FERENBACH, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Richard F. Boulware, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 10) and pro se complaint (ECF No. 14).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

1 | "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some
2 | particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)
3 | (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the
4 | benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
5 |     A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;
6 | therefore, the application should be granted.

### II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants: Cam Ferenbach, Brenda Weksler, Debra K. Kempi, Nancy J. Koppe (erroneously named as Koope), Kent J. Dawson, Sandy Creek High School, D. Smith, Katie Albright, Dave Monroe, and the Children's Dental Group.

Plaintiff alleges that "color of law forms" have been filed and sent to defendants. He asserts that there have been violations of Article VI Clause 2, as well as violations of the oath of office. He further claims a violation of his Seventh Amendment right to a jury trial. He goes on to state: "allegations of vexatious litigation by Judge Cam Ferenbach" for exercising my First, Sixth, Eighth & Fourteenth Amendment right" and fraud upon the court. He states he has a

fundamental right as well as due process under the Fifth and Fourteenth Amendments of his signed custody order.

Plaintiff states that he would like orders by the judges dismissed as fraud upon the court and denial of his right to a jury trial. He also asks that his children be returned to Nevada because their mother, Yvette K. Adamas, has no signed custody court order. He seeks compensation for loss of time with his children.

Judge Weksler is the assigned magistrate judge in Plaintiff's cases 2:20-cv-02112-RFB-BNW, and 2:21-cv-00979-GMN-BNW, and recommended dismissal of Plaintiff's complaint with prejudice in those actions. Judge Ferenbach is the magistrate judge assigned to Plaintiff's case 2:22-cv-00076-APG-VCF, and recommended that the action be dismissed with prejudice as frivolous. Judge Koppe is the assigned magistrate judge in case 2:21-cv-00503-JAD-NJK. Judge Koppe recommended dismissal of the action under the *Rooker-Feldman* doctrine and *Younger* abstention doctrine, and for failure to state a claim.

Judge Dawson is the district judge assigned to Plaintiff's case 2:20-cv-01982-KJD,DJA, which was dismissed because of Plaintiff's pursuit of claims against out-of-state parties against whom the court lacks jurisdiction, and against individuals with immunity.

Judges are entitled to absolute judicial immunity for acts performed in their official capacity. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *Id.* (citations omitted) "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted). "Judicial immunity discourages collateral attacks on

final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (citation omitted). "'The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'" *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Insofar as Plaintiff names as defendants Judges Ferenbach, Weksler, Koppe, and Dawson, they should be dismissed with prejudice as they are entitled to absolute judicial immunity because Plaintiff's allegations concern actions undertaken in the judicial process.

Plaintiff includes no specific allegations about Debra Kempi, who is the Clerk of Court for the District of Nevada. However, clerks also have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). Therefore, Ms. Kempi should also be dismissed with prejudice.

With respect to the remaining defendants, D. Smith, Katie Albright, Dave Monroe The Children's Dental Group, and Sandy Creek High School, Plaintiff includes no specific allegations regarding conduct of these defendants. Plaintiff's request for relief, however, indicates that he is challenging determinations related to the custody of his children.

To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution has been violated and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d

930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983).

Plaintiff does not include any allegations that these defendants are state actors. Nor does he include any specific allegations regarding how they violated a particular right.

Plaintiff has filed several actions in this district challenging events related to the custody of his children, child support obligations, as well as his divorce. *See* cases 2:20-cv-01982-KJD-DJA; 2:20-cv-02112-RFB-BNW, 2:21-cv-00503-JAD-NJK, 2:21-cv-00979-GMN-BNW, and 2:22-cv-00076-APG-VCF.

Plaintiff has been advised in those cases that this court does not have jurisdiction over Plaintiff's custody dispute, child support obligations, or his divorce. Specifically, federal district courts do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) (for review of final state court judgments); *Younger v. Harris*, 401 U.S. 37 (1971) (for ongoing state court proceedings). Plaintiff was likewise advised that judges are absolutely immune from suit for acts performed within their judicial capacity, and that court clerks are entitled to quasi-judicial immunity. Plaintiff was also told that dismissal of a claim where the law compels dismissal does not violate the Seventh Amendment right to a jury trial. (ECF No. 17 in 2:22-cv-00076-APG-VCF, citing *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008)).

Nevertheless, Plaintiff has brought another action that seeks relief that includes the return of his children and compensation for loss of time with his children, and names judges because of rulings they have made in his cases, and asserts violation of the Seventh Amendment because he appears to disagree with the disposition of his cases.

In case 2:22-cv-00076-APG-VCF, Plaintiff brought similar claims as are asserted here, and sought to have the judges removed from his cases, to have his children's dental records forwarded to him, and sought compensation for lost time with his children. Judge Ferenbach recommended dismissal of his action because the court lacked jurisdiction, Plaintiff sued persons who were entitled to immunity, and his claims were frivolous. At that time, Judge Ferenbach warned Plaintiff that his behavior was bordering on vexatious. (ECF No. 8 in 2:22-cv-00076-APG-VCF, report and recommendation adopted in ECF No. 17.)

The court similarly finds that Plaintiff's action should be dismissed with prejudice because the court lacks jurisdiction insofar as Plaintiff seeks orders overturning state court decisions; Plaintiff has sued persons who are entitled to immunity; and he otherwise fails to state a claim for relief or his claims are frivolous.

The court again cautions Plaintiff that his activity in this district is bordering on vexatious. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). "No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). The court will not enter a vexatious litigant order at this time, but warns Plaintiff that is a real possibility if he continues filing cases where the court obviously does not have jurisdiction, the defendants are immune from suit, or he fails to state a colorable claim or includes claims that are frivolous. To this point, Plaintiff has a history of filing these lawsuits that he knows are likely to be dismissed, and his conduct has posed an unnecessary burden on the court.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 10). Plaintiff is permitted to maintain this action without prepaying the filing fee.

(2) The action should be **DISMISSED WITH PREJUDICE** for the reasons set forth in this Report and Recommendation.

(3) Plaintiff should be cautioned that if he persists in filing lawsuits where the court lacks jurisdiction, the defendants are immune from suit and fails to state a claim/includes frivolous claims, it may result in his being declared a vexatious litigant.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 28, 2022

_____
Craig S. Denney
United States Magistrate Judge